# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TYRONE MYLES (#603359)**            **CIVIL ACTION**

**VERSUS**            **NO. 24-149-BAJ-RLB**

**JASMYNE IRVINE**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 16, 2024.

                                               **RICHARD L. BOURGEOIS, JR.**
                                               **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE MYLES (#603359)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-149-BAJ-RLB** |
| **JASMYNE IRVINE** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983, complaining that his constitutional rights were violated due to the use of excessive force and destruction of his property. He seeks monetary and declaratory relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

    In the instant matter, Plaintiff's claims are subject to dismissal because Plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions. This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of

specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

In his Complaint, as amended, Plaintiff asserts that excessive force was used against him, and his property was destroyed on February 22, 2024. Plaintiff signed his initial Complaint that same day. The Complaint, which consisted of a copy of his grievance, was submitted to and filed by the Legal Programs Department only one day later on February 23, 2024, which would not have allowed sufficient time for the plaintiff to exhaust any grievance as required[1]. As such, the record is facially apparent that Plaintiff failed to exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e.

## RECOMMENDATION

It is recommended that this action be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e.[2]

Signed in Baton Rouge, Louisiana, on May 16, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] If Plaintiff's grievance was accepted, the prison would have had 40 days to submit a First Step response (until April 2, 2024). Thereafter, the secretary would have had 45 days to submit a Second Step response (until May 17, 2024). *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a) and (b).

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."